FAIR, J.,
for the Court:
¶ 1. After an altercation in a Walmart parking lot, Calvin Wansley shot Jeremiah Wilson four times in the back. Wilson survived his injuries. A Hinds County jury rejected Wansley’s self-defense theory, and he was sentenced to twenty years imprisonment for aggravated assault with an additional five-year enhanced penalty for the use of a firearm in a felony. Wans-ley appeals from that judgment alleging various errors, none of which we find entitle him to relief.
FACTS
¶ 2. On February 21, 2011, Wansley and Wilson were both at the Walmart store on Highway 18 in Jackson. Wilson was there with Daniel Frances, his coworker and friend, to pick up a television for Wilson’s girlfriend. Wansley was there with his girlfriend, Kim Brown, and her mother, Linda Brown, to buy groceries. The altercation occurred in the parking lot around 4:50 p.m. Wansley was sitting in his car as Kim and Linda loaded their groceries. Wilson had parked his truck, gone into the store to measure the television, and returned to the parking lot. He got into his truck and was driving toward the store to pick up the television, when he said something to Wansley’s girlfriend. According to Wilson, it was a pleasantry, but other witnesses described it as a come-on. Wansley testified he did not hear what was said to Kim, but he decided to confront Wilson because of an insult directed at him. Wansley stepped out of his car as Wilson drove a few car lengths to the end of the parking lot nearest the store, where he stopped. Wansley advanced on Wilson’s vehicle. Wilson got out and met Wansley near the rear of Wilson’s truck. A brief argument unquestionably ensued, but every witness gave a slightly different account of who said what, with more neutral observers describing a mutual confrontation. -
¶ 3. Wilson testified he was trying to protect his vehicle and that Wansley threatened him by displaying a pistol in his pocket. When Wilson turned around in an attempt to end the dispute, Wansley drew the pistol and shot him in the back. Wilson retreated into the truck as Wansley pursued, firing five shots in total, four of which struck Wilson in the back and neck. Wilson drove onto the sidewalk in front of the store, where he stopped the vehicle, stepped out, and collapsed onto the ground.
¶ 4. According to Wansley, Wilson was the one who put his hand in his pocket as if to imply he had a gun, then he threatened to retrieve one from his truck. Wansley claimed to have seen a gun in the vehicle and shot Wilson as the latter was reaching for it.
¶ 5. Approximately two seconds after Wansley turned away from Wilson and began moving back to his own vehicle, he nearly ran into Reginal Smith, an off-duty police officer. Smith had watched the argument from a short distance and was advancing as Wansley fled. According to Officer Smith, Wansley raised his pistol at Smith, which prompted the officer to fire a single shot. Smith missed, but Wansley dropped his gun and fell to the ground, where Smith held him until other officers arrived.
¶ 6. The incident was captured by a Wal-mart security camera.' The recording was entered into evidence and used extensively in the trial, but the camera was some distance away. The recording is also at a low resolution, only captured four frames per second, and contains no audio.
¶ 7. Wansley was arrested and gave a statement to the investigating officers. A typewritten statement contains a narrative *796 of the shooting, which is subscribed by Wansley, as well as a series of questions and responses where each of Wansley’s answers is initialed. It somewhat contradicted Wansley’s testimony at trial, in that Wansley originally claimed to have seen a gun in Wilson’s pants pocket rather than in the truck. At trial, Wansley testified he had been consistent all along and the written statement contained a scrivener’s error. He claimed he did not read the typed statement closely before signing and initialing it.
¶ 8. Wansley was tried on two charges: aggravated assault and firing into an occupied vehicle. Wansley did not contest that he shot Wilson; his theory of the case was self-defense. After a three-day trial, the jury returned a verdict of guilty of aggravated assault and not guilty of firing into an occupied vehicle.
DISCUSSION
1. Sufficiency of the Evidence
¶ 9. Wansley contends the evidence was insufficient to support his conviction. His argument is premised entirely on the fact that the authorities failed to secure Wilson’s vehicle after the shooting. After Wilson was shot, he drove the vehicle onto the sidewalk in front of the entrance to the store. The passenger, Frances, testified that a police officer told him to move the vehicle. He drove it to Wilson’s house, where it was not searched by the police until about an hour later. No weapon was found. Wansley contends that if the vehicle had been secured, a gun would have been found to support his account of the shooting.
¶ 10. One is guilty of aggravated assault under Mississippi Code Annotated section 97 — 3—7'(2)(a) (Supp.2012) if he “attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm.... ” The inquiry as to sufficiency is whether the evidence shows “beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quotation omitted). “[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 11. “[Ujnless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law.” Cox v. State, 849 So.2d 1257, 1266 (¶ 27) (Miss.2003) (quoting Arizona v. Youngblood, 488 U.S. 51, 58, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988)). Nothing in the record suggests bad faith, and Wansley does not argue it. His argument is really directed to the weight of the evidence rather than its sufficiency. Therefore this issue, as Wansley has raised it, is without merit.
¶ 12. Moreover, even if Wilson’s alleged gun had been found, Wansley could still have been convicted of aggravated assault. The jury could have believed nearly all of Wansley’s account and still concluded he was an aggressor and the shooting resulted from mutual combat, or even that Wilson was reaching for his own gun in self-defense. It has been “repeatedly held that in a criminal prosecution the jury may accept the testimony of some witnesses and reject that of others, and that they may accept in part and reject in part the evidence on behalf of the *797 state or on behalf of the accused. In other words, the credibility of witnesses is not for the reviewing court.” Ross v. State, 954 So.2d 968, 1081 (¶ 196) (Miss.2007) (citation omitted). The jury, like any finder of fact, is entitled not only to judge credibility and weigh evidence, it is entrusted to interpret evidence that is “capable of more than one reasonable interpretation.” See Trim v. Trim, 38 So.3d 471, 479 (¶ 20) (Miss.2010). The evidence was sufficient to find Wansley an aggressor, and an aggressor is precluded from claiming self-defense. Simmons v. State, 805 So.2d 452, 473 (¶ 30) (Miss.2001).
¶ 13. Wansley’s conviction is supported by sufficient evidence in the record. This issue is without merit.
2. Double Jeopardy
¶ 14. Wansley next contends that receiving separate sentences for aggravated assault and for using a firearm in the commission of a felony (Mississippi Code Annotated section 97-37-37(1) (Supp. 2012)) violates his constitutional protection from double jeopardy.
¶ 15. This Court addressed the same argument in Mayers v. State, 42 So.3d 33, 45 (¶¶ 49-50) (Miss.Ct.App.2010), where we held that section 97-37-37 was a sentencing enhancement that did not violate double jeopardy principles. Wansley questions our holding in Mayers by arguing that the Legislature’s simply calling the additional sentence an enhancement does not make it one. Wansley suggests we should apply the “same elements” test of Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). But this argument confuses the nature of the Blockburger test, which is premised on an assumption of statutory construction. If the Legislature actually intended two punishments to be applied to one offense, there is no double jeopardy problem. See Whalen v. United States, 445 U.S. 684, 691-92, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) (“The assumption underlying the [Blockburger ] rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the ‘same offense,’ they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.”) (emphasis added); see also 21 Am.Jur.2d Criminal Law § 302 (2008) (“Where a legislature expresses its intent to permit cumulative punishments for crimes that constitute the same offense under Blockburger, the Blockburger double jeopardy test must yield; the double jeopardy clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.”).
¶ 16. Section 97-37-37(1) reads, with our emphasis added:
Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any person who uses or displays a firearm during the commission of any felony shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.
The legislature’s intent that section 97-37-37(l)’s additional term of imprisonment be applied cumulatively to the underlying offense could not be more clear. This issue is without merit.
3. Exclusion of Testimony Regarding Prior Incidents
¶ 17. In his final issue, Wansley contends the trial court erred in limiting his testimony regarding several prior incidents. Three of these incidents were prior confrontations with Wilson, while the fourth was an encounter with a stranger at a gas station the morning of the shooting.
*798 ¶ 18. The State made a motion in limine to exclude testimony of all these prior incidents. The trial judge stated he would rule on the motion after Wansley proffered his testimony, but Wansley’s attorney later stated on the record that she had changed her strategy and no longer intended to introduce evidence of prior confrontations with Wilson. The testimony was never proffered, and from the record it is clear the trial court never actually excluded it. There is no merit to Wansley’s claims of error regarding the prior incidents with Wilson.
¶ 19. As to the final incident, Wansley wanted to tell the jury that the morning of the shooting, he was involved in a near collision at a gas station. The other driver threatened him with a gun, which prompted Wansley to get a gun from his brother for self-defense. Wansley wanted to tell the jury that this incident was the reason he was armed at the time of his confrontation with Wilson. Wansley’s attorney detailed the incident in her opening statement, but the trial court did not allow Wansley to testify to it.
¶ 20. The trial court found that the incident could “substantially mislead the jury” because it had occurred approximately seven hours earlier and was unrelated to the shooting of Wilson. Mississippi Rule of Evidence 403 allows a trial court to exclude relevant evidence under certain circumstances. It states:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
The testimony also appears to have been an attempt to bolster Wansley’s peaceable character through the testimony he had not previously owned a gun. While a defendant is entitled to introduce evidence of his character, he can only do so through testimony of reputation or opinion; evidence of specific instances of conduct is not permitted except on cross-examination. M.R.E. 405. Moreover, Wansley’s attorney disclaimed any use of the testimony as character evidence, apparently unwilling to open that door to the State. See, e.g., Morgan v. State, 741 So.2d 246, 254 (¶ 21) (Miss.1999) (“When the accused raises the issue of his character, the prosecution may then offer evidence of the accused’s bad character.”).
¶ 21. The trial court’s decision to admit or exclude evidence is reviewed for abuse of discretion. Gillett v. State, 56 So.3d 469, 494 (¶61) (Miss.2010). While there may have been some relevance to the testimony regarding the incident at the gas station, we cannot say the trial court abused its discretion in excluding it. We find no merit to this issue.
¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS AND FIVE YEARS AS AN ENHANCEMENT FOR THE USE OR DISPLAY OF A FIREARM IN THE COMMISSION OF A FELONY, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.