# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-00260-COA

RICHARD ROSEBUR AND JAMIE ROSEBUR                APPELLANTS

v.

STATE OF MISSISSIPPI                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2016 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | OFFICE OF STATE PUBLIC DEFENDER BY: MOLLIE M. MCMILLIN |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: KAYLYN MCCLINTON |
| DISTRICT ATTORNEY: | BRENDA F. MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | EACH DEFENDANT CONVICTED OF SHOOTING INTO A DWELLING AND SENTENCED TO TEN YEARS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION; AND SENTENCED TO FIVE YEARS FOR A FIREARM ENHANCEMENT, SUCH ADDITIONAL FIVE-YEAR SENTENCE NOT TO BE REDUCED OR SUSPENDED BUT TO RUN CONCURRENTLY TO THE SENTENCE FOR SHOOTING INTO A DWELLING, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 04/04/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE, WILSON, AND GREENLEE, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.    Brothers Richard and Jamie Rosebur were convicted of shooting into a dwelling, for which they were each sentenced to ten years in the custody of the Mississippi Department of Corrections (MDOC), with five years suspended and five years of post-release supervision. They were also each sentenced to five years in MDOC custody pursuant to Mississippi Code Annotated section 97-37-37 (Rev. 2014) for using a firearm during the commission of the crime. The circuit court's sentencing orders provided that this additional five-year sentence would not be reduced or suspended but would run concurrently to the Roseburs' sentences for shooting into a dwelling. The Roseburs raise only one issue in their consolidated appeals: whether imposition of an additional punishment pursuant to the "firearm enhancement" violates the Double Jeopardy Clause of the State or Federal Constitution. This Court previously rejected the same argument, and the Mississippi Supreme Court subsequently adopted our analysis and reached the same conclusion. Therefore, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.    On December 5, 2012, Richard, Jamie, and James Jiles were indicted in a single indictment in Coahoma County for shooting into a dwelling, Miss. Code Ann. § 97-37-29 (Rev. 2014), with a sentencing enhancement for using a firearm during the commission of the crime, Miss. Code Ann. § 97-37-37. The defendants waived arraignment on December 11, 2012, and trial was set for February 25, 2013.

¶3.    On January 17, 2013, Richard's court-appointed attorney requested a continuance because he already had another trial scheduled for the same day. Richard also filed a motion to suppress evidence and a motion to "sever his case from the remaining Defendants in this

2

indictment, and grant him a separate . . . trial." On February 20, 2013, the court entered an order to continue "the trial of Defendant Richard Rosebur to a new date."

¶4. There was no action in the case for the next eleven months. On January 22, 2014, Jamie's attorney filed a motion to dismiss the indictment against him based on alleged violations of his constitutional and statutory rights to a speedy trial. Nothing in the record indicates that Jamie ever noticed this motion for a hearing or that the court ever ruled on it.

¶5. On July 31, 2014, Richard's attorney filed a "Joint Motion for Continuance." The motion stated that trial was set for August 4, 2014, but "the State and all Defendants" had agreed that a continuance was "necessary due to . . . pending pre-trial motions." The motion was signed only by Richard's attorney. The court granted the motion the same day. The court's order referenced only "[t]he trial of Richard Rosebur." The order stated that trial in the case was continued "to a new date after the resolution of all pre-trial motions." Richard's attorney signed the order as "Approved." The order states that counsel for the State, Jamie, and Jiles "Approved as to Form," with their approval shown by typed "/s/" signatures. The same day, the court also entered an order setting all pretrial motions for a hearing on August 27, 2014. There is nothing in the record to indicate whether that hearing was held.

¶6. The docket sheet indicates that, at some point, the charges against Jiles were severed from the charges against the Roseburs. Jiles's jury trial was held on January 20-21, 2015, and he was convicted and sentenced.

¶7. On April 16, 2015, Richard's attorney filed a motion for a continuance. The motion stated that trial was set to begin on May 11, 2015, but that Richard's attorney had a case set

3

for oral argument in the United States Court of Appeals for the Fifth Circuit on May 12, 2015. Based on this conflict, Richard asked the court to continue the trial. The caption and text of the motion reference only Richard's case, but the motion was served on Jamie's attorney. On April 23, 2015, the court entered an order continuing "the trial of Defendant Richard Rosebur . . . to a new date." The order was prepared, submitted, and signed by Richard's attorney.

¶8. On August 3, 2015, Richard's attorney filed another motion for a continuance. The motion stated that trial was set to begin on August 10, 2015, but that counsel had "a scheduling conflict with a prior engagement in Nashville." The motion represented that the State did not object to a continuance; however, the motion did not mention Jamie, and the certificate of service does not reflect service on Jamie's attorney. The same day, the court entered an order continuing "[t]he trial of Richard Rosebur" "to a new date in the next term of court." The order noted that the State did not object to the continuance. Richard's attorney signed and "Approved" the order, which also indicated that the State "Approved as to Form." However, Jamie's attorney did not sign the order, and the order makes no reference to Jamie's case. On August 17, 2015, the court entered an order setting trial for January 25, 2016; however, at some point, trial apparently was continued again to February 1, 2016.

¶9. Richard and Jamie were tried on February 1 and 3, 2016. The evidence showed that around 8:30 p.m. on August 15, 2012, numerous shots were fired into an occupied home in the 500 block of McKinley Street in Clarksdale. Three residents of the home were inside at

4

the time. Clarksdale police officers who were patrolling in the area were on the scene within approximately one minute. Officers encountered Jiles, Richard, and Jamie in the 600 block of McKinley Street. The three men were together walking away from the 500 block, and no one else was in the immediate vicinity. Jiles was carrying a Glock .40 caliber pistol, which he tossed after he saw the officers. Officers found two .40 caliber magazines near the gun, one empty .40 caliber magazine in Jiles's pocket, and one loaded .40 caliber magazine on the ground at Jiles's feet. Officers searched Jamie and found a sock containing eight loose .380 caliber bullets. Officers searched Richard and found a loaded magazine for a Hi-Point .40 caliber pistol. Officers then searched the area for additional guns and found a .380 caliber pistol and a Hi-Point .40 caliber pistol behind a garbage can at the house next door.

¶10. Officers collected gunshot residue kits for Jiles, Richard, and Jamie, and all three tested positive for gunshot residue on the palms and/or backs of their hands. Officers also collected thirty-eight cartridge cases in front of the home that was fired into. A forensic scientist from the Mississippi Crime Laboratory testified that all thirty-eight cartridge cases were fired from one of the three guns found at the scene. There were approximately twenty bullet holes in the home itself. The jury found both Richard and Jamie guilty of shooting into a dwelling with a pistol. On appeal, neither Richard nor Jamie challenges the weight or sufficiency of evidence against them. Nor do they allege that any reversible error was committed prior to or during their trial.

¶11. The court entered judgments of conviction and sentenced Richard and Jamie each to ten years in MDOC custody for shooting into a dwelling, with five years suspended and five

years of post-release supervision. The court also sentenced each to five years in MDOC custody pursuant to Mississippi Code Annotated section 97-37-37 for using a firearm during the commission of the crime, said five-year enhancement not to be reduced or suspended but to be served concurrently with the primary sentence for shooting into a dwelling.

¶12. Richard and Jamie filed motions for judgment notwithstanding the verdict or a new trial, which were denied. They then filed notices of appeal, and their appeals were later consolidated. Counsel from the Indigent Appeals Division of the Office of the State Public Defender raises a single issue on behalf of both: whether the imposition of an additional punishment for using a firearm during the commission of the crime violates the Double Jeopardy Clause of the State Constitution or Federal Constitution.

**ANALYSIS**

**I.    Speedy Trial**

¶13. Although the issue is not raised on appeal, we feel compelled to comment briefly on the thirty-eight month delay between the Roseburs' indictment and trial. Jamie raised the issue in the trial court in a motion to dismiss the indictment, but that appears to have been the first and only time he mentioned it, and he never obtained a ruling on his motion. Jamie waived his statutory right to a speedy trial, Miss. Code Ann. § 99-17-1 (Rev. 2015), because he did not raise the issue within 270 days of the date on which he waived arraignment. *See, e.g.*, *Whitaker v. State*, 114 So. 3d 725, 730 (¶18) (Miss. Ct. App. 2012). In addition, ordinarily, "the burden is on the movant to obtain a ruling on a pre-trial motion, and failure to do so constitutes a procedural bar." *Ross v. State*, 954 So. 2d 968, 992 (¶41) (Miss. 2007).

6

However, after a series of inconsistent decisions, our Supreme Court has held that the failure to obtain a ruling on a speedy trial motion is not a procedural bar. *See Rowsey v. State*, 188 So. 3d 486, 494 (¶¶22-23) (Miss. 2015). Even so, all of the continuances in this case were requested by Richard, and none were caused by the State. Jamie never requested that his case be severed, and he did not object to any of the continuances. Therefore, the continuances are chargeable to both Jamie and Richard. *See Harris v. State*, 174 So. 3d 314, 319 (¶¶23-24) (Miss. Ct. App. 2015). Moreover, there is no evidence that Jamie was prejudiced by the delay in his trial. Thus, nothing in the record indicates that the delay violated Jamie's right to a speedy trial. The absence of a violation is even clearer as to Richard, who requested every continuance and never demanded a speedy trial or otherwise raised the issue.

## II. Double Jeopardy

¶14. Neither Richard nor Jamie raised a double jeopardy objection to the firearm enhancement at any point during the proceedings in the circuit court. However, the protection against double jeopardy is a fundamental right that may be raised for the first time on appeal or even years after the defendant's conviction is final. *Rowland v. State*, 42 So. 3d 503, 508 (¶¶14-15) (Miss. 2010); *Graves v. State*, 969 So. 2d 845, 846-47 (¶6) (Miss. 2007). Accordingly, the issue is not waived.

¶15. The Roseburs argue that the firearm enhancement violates the protection against double jeopardy because it is impossible to shoot a gun into a dwelling without also using and displaying the same gun. However, the Roseburs candidly acknowledge that this Court has rejected the same basic argument on several occasions. When "a legislature specifically

7

authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct[,] . . . the prosecutor may seek and the trial court . . . may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). Applying this principle, this Court has held that by enacting the firearm enhancement, the Legislature intended to authorize cumulative punishment.[1] *See Wansley v. State*, 114 So. 3d 793, 797 (¶¶14-16) (Miss. Ct. App. 2013); *accord, e.g., Gunn v. State*, 174 So. 3d 848, 865-66 (¶¶62-64) (Miss. Ct. App. 2014); *Lewis v. State*, 112 So. 3d 1092, 1096-97 (¶¶14-15) (Miss. Ct. App. 2013).

¶16. The Roseburs contend that our cases on this issue were wrongly decided, and they ask us to reconsider our precedent. However, we cannot do so because our Supreme Court has now adopted the reasoning of those opinions. In *Taylor v. State*, 137 So. 3d 283 (Miss. 2014), the Supreme Court stated: "The Court of Appeals was correct in this analysis. The Legislature intended for these two punishments to apply to the same offense[;] therefore there is no double-jeopardy concern." *Id.* at 288 (¶17) (citing *Mayers v. State*, 42 So. 3d 33 (Miss. Ct. App. 2010); *Wansley*, 114 So. 3d 793). While we can reconsider our own precedent, "we . . . do not have the authority to overrule a decision of our [S]upreme

---

[1] The enhancement applicable to the Roseburs provides:

> Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, *any person* who uses or displays a firearm during the commission of *any felony* shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of five (5) years, which sentence shall not be reduced or suspended.

Miss. Code Ann. § 97-37-37(1) (emphasis added).

[C]ourt." *Miles v. State*, 864 So. 2d 963, 965-66 (¶8) (Miss. Ct. App. 2003). "This Court, sitting as an intermediate appellate court, is obligated to follow precedent established by the Mississippi Supreme Court." *Kennedy v. State*, 766 So. 2d 64, 65 (¶3) (Miss. Ct. App. 2000). Accordingly, the Roseburs' double jeopardy claim is without merit, and their sentences must be affirmed.

## CONCLUSION

¶17. For the foregoing reasons, the Roseburs' convictions and sentences are affirmed.

¶18. **THE JUDGMENTS OF THE COAHOMA COUNTY CIRCUIT COURT OF CONVICTION OF SHOOTING INTO A DWELLING, AND SENTENCE OF TEN YEARS, WITH FIVE YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION; AND SENTENCE OF FIVE YEARS FOR A FIREARM ENHANCEMENT, SUCH ADDITIONAL FIVE-YEAR SENTENCE NOT TO BE REDUCED OR SUSPENDED BUT TO RUN CONCURRENTLY TO THE SENTENCE FOR SHOOTING INTO A DWELLING, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**