# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00743-COA

**CEDRIC ANDREAL BLACKMORE**                                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/18/2021 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL R. BONNER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON KAY HARTMAN |
| | LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/11/2023 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2021-CA-00744-COA

**JOSEPH WHITE A/K/A JOSEPH ANTHONY**                              **APPELLANT**
**WHITE**

**v.**

**STATE OF MISSISSIPPI**                                           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/18/2021 |
| TRIAL JUDGE: | HON. M. JAMES CHANEY JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL R. BONNER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON KAY HARTMAN |
| | LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 04/11/2023 |
| MOTION FOR REHEARING FILED: | |

**MICHAEL ALLEN TRAXLER**                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

DATE OF JUDGMENT:                07/29/2021
TRIAL JUDGE:                     HON. STEVE S. RATCLIFF III
COURT FROM WHICH APPEALED:       RANKIN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          MICHAEL R. BONNER
ATTORNEYS FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                 BY: ALLISON KAY HARTMAN
                                      LAUREN GABRIELLE CANTRELL
NATURE OF THE CASE:              CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 04/11/2023
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McDONALD AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1.     Cedric Blackmore, Joseph White, and Michael Traxler (collectively "the appellants")

each filed motions in Warren and Rankin counties for post-conviction relief arguing that their

classification as violent offenders was unconstitutional. The circuit court in each case denied

the motions. Blackmore, White, and Traxler appeal, raising the same issue. This Court

consolidated the three separate appeals into one for purposes of judicial efficiency. Finding

no error, we affirm.

**FACTS**

**I.      Cedric Blackmore**

¶2.     Cedric Blackmore pled guilty to two counts of aggravated DUI under Mississippi

Code Annotated section 63-11-30(5) (Supp. 2015) in the Warren County Circuit Court on January 22, 2020. Blackmore was sentenced to two concurrent terms of twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with ten years suspended and fifteen years to serve followed by five years of post-release supervision. Blackmore was classified as a violent offender under Mississippi Code Annotated section 97-3-2(1)(a) (Rev. 2014).

¶3. Blackmore filed a PCR motion on March 12, 2021, arguing his classification as a violent offender was unconstitutional under *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and *Smith v. State*, 942 So. 2d 308 (Miss. Ct. App. 2006). The circuit court denied Blackmore's motion. Blackmore filed a "Notice of Appeal and Joinder of Consolidation of Appeals," requesting that his appeal be consolidated with White's and Traxler's appeals.

## II. Joseph White

¶4. Joseph White pled guilty to two counts of aggravated DUI under Mississippi Code Annotated section 63-11-30(5) (Supp. 2014) in the Warren County Circuit Court on June 22, 2017. The circuit court sentenced White to two concurrent terms of twenty-five years in the custody of the MDOC, with five years suspended and twenty years to serve, followed by five years of post-release supervision. White was classified as a violent offender under section 97-3-2(1)(a).

¶5. White filed a PCR motion on February 1, 2021.[1] In his PCR motion, White presented

---

[1] White's and Traxler's PCR motions are time-barred because they were filed outside the three-year statutory limitations period under Mississippi Code Annotated section 99-39-5(2). The Mississippi Supreme Court recently overruled precedent applying "the judicially crafted fundamental-rights exception" to "the substantive, constitutional bars

3

the same argument as Blackmore, that his classification as a violent offender for purposes of parole eligibility is unconstitutional pursuant to *Leocal* and *Smith*. The circuit court denied White's PCR motion citing the same reasoning as stated above in Blackmore's case. White filed a "Notice of Appeal and a Joinder or Consolidation of Appeals," requesting that his appeal be consolidated with Blackmore's and Traxler's appeals.

### III. Michael Traxler

¶6. Michael Traxler pled guilty to aggravated DUI in violation of Mississippi Code Annotated section 63-11-30(5) (Supp. 2015) in the Rankin County Circuit Court on March 7, 2016. He was sentenced to twenty-five years in the custody of the MDOC, with thirteen years suspended and twelve years to serve, followed by five years of post-release supervision.

¶7. Traxler filed a PCR motion on February 2, 2021.[2] Traxler made the same arguments as White and Blackmore. The circuit court denied Traxler's PCR motion. Traxler filed a "Notice of Appeal and Joinder or Consolidation of Appeals," requesting that his appeal be consolidated with White's and Blackmore's appeals.

### IV. Consolidation

¶8. This Court granted the appellants' motions to consolidate their appeals for purpose of judicial efficiency, as they raise the same issues concerning the same statute on appeal.

---

codified by the Legislature in the Uniform Post-Conviction Collateral Relief Act." *Howell v. State*, 2020-CA-00868-SCT, 2023 WL 412469, at *2-3 (¶¶8, 12) (Miss. Jan. 26, 2023). Two of the three PCR motions in this consolidated appeal were filed past the three-year time-bar. This Court will still address the issues raised in this appeal since Blackmore's PCR motion was filed within the limitations period.

[2] *See supra* note 1.

Although White's and Traxler's PCR motions were time-barred, Blackmore's PCR motion was not time-barred. Accordingly, this Court will consider the following issue as it applies to all three.

## STANDARD OF REVIEW

¶9. "When reviewing a trial court's denial or dismissal of a [PCR motion], we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Higginbotham v. State*, 307 So. 3d 1253, 1255 (¶20) (Miss. Ct. App. 2020) (citing *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015)).

## ANALYSIS

¶10. The appellants argue that the Supremacy Clause of the United States Constitution prohibits Mississippi from defining aggravated DUI as a crime of violence under Mississippi Code Annotated section 97-3-2(1)(a). The appellants argue the United States Supreme Court's decision in *Leocal* prohibits states from defining crimes that do not require a particular mental state as "crimes of violence."

¶11. In *Leocal*, the United States Supreme Court addressed whether Leocal's conviction under a Florida statute for two counts of driving under the influence of alcohol and causing serious bodily injury could be classified as a "crime of violence" under 18 U.S.C. § 16. *Leocal*, 543 U.S. at 383-84. Under the statute, any "alien conviction of an aggravated felony" such as a crime of violence was deportable. Leocal had immigrated to the United States in 1980, and he became a lawful permanent resident in 1987. *Id.* at 379. "He pleaded

guilty to both counts and was sentenced to 2 1/2 years in prison. In November 2000, while he was serving his sentence, the Immigration and Naturalization Service (INS) initiated removal proceedings against him pursuant to § 237(a) of the INA." *Id.* Under that provision, "any alien who is convicted of an aggravated felony is deportable and may be removed upon an order of the Attorney General." *Id.* (internal quotation mark omitted) (citing 8 U.S.C. § 1227(a)(2)(A)(iii)). In October 2001, an immigration judge found Leocal removable. *Id.* at 380. Leocal completed his sentence and was removed to Haiti in November 2002. *Id.* In June 2003, the United States Court of Appeals for the Eleventh Circuit dismissed Leocal's petition for review. *Id.*

¶12. The United States Supreme Court explained that although the Florida statute required proof of causation of injury, the statute did not require proof of any particular mental state. *Id.* The question before the Court was whether the deportation statute could be interpreted to include that such offenses did not require a mental state. *Id.* The Court held Leocal's DUI offense was not a crime of violence under the statute and reversed and remanded the case. *Id.* The Court was clear:

> DUI statutes such as Florida's do not require any mental state with respect to the use of force against another person, thus reaching individuals who were negligent or less. Drunk driving is a nationwide problem, as evidenced by the efforts of legislatures to prohibit such conduct and impose appropriate penalties. But this fact does not warrant our shoehorning it into statutory sections where it does not fit.

*Id.* at 384.

¶13. In 2006, the Mississippi Court of Appeals discussed *Leocal* when deciding *Smith*. Smith appealed his conviction of aggravated DUI under Mississippi Code Annotated section

6

63-11-30(5) (Rev. 2004). *Smith*, 942 So. 2d at 310 (¶1). The State filed a cross-appeal asking for Smith to be re-sentenced as a violent offender. *Id*. at (¶2). This Court in *Smith* noted that the DUI statute in place at the time, Mississippi Code Annotated section 63-11-30(5) (Rev. 2004), "did not label the offense as a violent crime." *Id*. at (¶37). We explained, "[T]he United States Supreme Court has held that state DUI offenses, such as the one here, which require only a showing of negligence, cannot be considered crimes of violence," citing *Leocal*, 543 U.S. at 13. *Smith*, 942 So. 2d at 321 (¶37). In 2006, this Court made clear that it would follow the *Leocal* holding and declined to "define aggravated DUI as a violent criminal offense." *Id.*

¶14. In 2014, as part of House Bill 585, the Mississippi Legislature enacted Mississippi Code Annotated 97-3-2 (Rev. 2014), adding a list of crimes that are to be classified as crimes of violence. Section 97-3-2 reads, in part, as follows: "(1) The following shall be classified as crimes of violence: (a) Driving under the influence as provided in Sections 63-11-30(5) and 63-11-30(12)(d). . . ." The first crime the legislature listed in section 97-3-2 as a crime of violence was aggravated DUI.

¶15. The Tenth Amendment to the United States Constitution provides that "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. It is a fundamental principle of our government that

> **[t]he legislature possesses the whole law-making power of the State**, and may pass any law which does not contravene the provisions of the State constitution, or the constitution of the United States. With these exceptions, the legislature has the absolute, unlimited sovereign power of making laws.

7

> These laws, when made, although in the opinion of the court they may be unwise, impolitic, unjust, and oppressive, yet, if they do not contravene the provisions of the constitution of the United States, or of the State constitution, are imperative and obligatory, and it is the duty of the court to enforce them.

*State v. Johnson*, 25 Miss. 625, 783 (1853) (emphasis added). This Court and the Mississippi Supreme Court have repeatedly held, "The power to create and define criminal offenses rests exclusively within the authority of the [State] Legislature." *E.g., Pickett v. State,* 252 So. 3d 40, 48 (¶22) (Miss. Ct. App. 2018) (quoting *Wilcher v. State*, 227 So. 3d 890, 895 (¶28) (Miss. 2017)). "The Legislature has the power to define and punish any act as criminal unless limited by constitutional provisions." *Id.* (quoting *Wilcher*, 227 So. 3d at 895 (¶28)). "Defining crimes and prescribing punishments are exclusively legislative functions as a matter of constitutional law. What constitutes (i.e. the elements) a felony DUI is defined by the legislature in Miss. Code Ann. § 63-11-30(2)(c) (1996)." *Williams v. State*, 708 So. 2d 1358, 1363 (¶23) (Miss. 1998) (other citations omitted); *see also Weaver v. State*, 713 So. 2d 860, 863 (¶18) (Miss. 1997).[3]

¶16.  The United States Supreme Court was clear in *Leocal* that its holding was confined to whether the Florida statute was a crime of violence that could trigger federal deportation

---

[3] In *Watson v. State*, 329 So. 3d 1215 (Miss. Ct. App. 2021), this Court examined a similar issue in which the appellant argued section 97-3-2 violated the Ex Post Facto Clauses of the United States Constitution or the Mississippi Constitution by defining burglary of a dwelling as a crime of violence, as section 97-3-2 made him ineligible for expungement, and his crime occurred before the statute was enacted. *Id.* at 1217-18 (¶¶7-8). This Court upheld the statute, holding, "Changes in procedural rules after a party is sentenced for a crime are not ex post facto laws. *Williams v. State*, 161 So. 3d 1124, 1126-27 (¶¶9-14) (Miss. Ct. App. 2015). The Mississippi Supreme Court has unequivocally stated that '[s]ection 97-3-2 is not a substantive criminal statute.' *Bowman v. State*, 283 So. 3d 154, 168 (¶55) (Miss. 2019) (citing *Fogleman v. State*, 283 So. 3d 685, 691-92 (¶¶17-20) (Miss. 2019))." *Watson*, 329 So. 3d at 1218 (¶9).

proceedings. The *Leocal* decision does not prohibit states from passing laws designating aggravated DUI as a crime of violence. While this Court in *Smith* discussed and followed the *Leocal* holding, that did not prohibit our Legislature from later designating aggravated DUI as a crime of violence in 2014. Further, this Court is permitted to reconsider its own precedent. *See Rosebur v. State*, 214 So. 3d 307, 311 (¶16) (Miss. Ct. App. 2017). *Smith* does not prohibit this Court from following subsequent legislation that designated aggravated DUI as a crime of violence. The power to define criminal offenses rests solely with the Legislature. The Legislature effectively vitiated the legal effect of *Smith* when it enacted Mississippi Code Annotated section 97-3-2 (Rev. 2014). The Legislature created that law, and it is the duty of this Court to apply that law as it is written. *See Finn v. State*, 978 So. 2d 1270, 1272 (¶8) (Miss. 2008) (noting if a statute is not ambiguous, the court should interpret and apply the statute according to its plain meaning). The appellants were properly classified as violent offenders under the statute in place at the time of their offenses.[4]

**CONCLUSION**

¶17.    The argument that *Leocal* prohibited the Legislature from defining aggravated DUI as a crime of violence is without merit. Section 97-3-2's enactment superseded the holding in *Smith*, and it is overruled as further precedent. It was within the power of the Legislature to define aggravated DUI as a crime of violence. The circuit court in each case did not err

---

[4] The appellants also argue their classification as violent offenders denies them "substantial constitutional rights," such as the denial of parole eligibility or potential expungement. This argument is without merit. There is no constitutionally recognized right to parole or expungement. *See Watson*, 329 So. 3d at 1218 (¶10); *Bowman*, 283 So. 3d at 168 (¶55); *Polk v. State*, 150 So. 3d 967, 968 (¶6) (Miss. 2014).

9

by denying the defendants' PCR motions. Accordingly, we affirm the judgments of the circuit courts as to each appellant.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**