IRVING, J.,
for the Court.
¶ 1. On April 13, 2005, Lisa J. Cross pleaded guilty to two counts of aggravated assault. She was sentenced to fifteen years with eight suspended and five years of supervised probation on each count, with the sentences to run concurrently. Cross appeals the judgment of the Rankin County Circuit Court dismissing her motion for post-conviction relief (PCR).
¶ 2. We find no merit to the allegations of error; therefore, we affirm the trial court.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. The only error that Cross alleges in her motion for PCR is that her plea was not voluntarily and intelligently made. A guilty plea is binding upon a defendant only when it is voluntarily and intelligently entered. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). In Reeder v. State, 783 So.2d 711, 717(¶ 20) (Miss.2001), the Mississippi Supreme Court stated that:
[i]t is essential that an accused have knowledge of the critical elements of the charge against him, that he fully understand the charge, how it involves him, the effects of a guilty plea to the charge, and what might happen to him in the sentencing phase as a result of having entered the plea of guilty.
¶ 4. Cross contends that the trial court erred in accepting her guilty plea because she was being treated for several mental illnesses at the time the plea was entered. Cross told the court that she suffers from multiple disorders including manic and clinical depression. However, Cross testified at the hearing that she was not under the influence of any medications, which prompted the court to inquire as to why she was not being treated for these disorders. Cross responded that she has not been prescribed any new medications because she also suffers from agoraphobia, which makes it difficult for her to go to her *499 mental health appointments. The trial judge thoroughly examined Cross and determined that she was competent to enter a guilty plea.
¶ 5. In addition, although it appears from the plea transcript that Cross initially showed some hesitation, the record clearly belies Cross’ allegation that her plea was not voluntary, as the trial court asked her several times if she wished to plead guilty. The record reflects the following:
Q. Did you tell [your attorney] all facts you believe might be necessary for your defense?
A. Yes, sir.
Q. Did your discussions with him include the elements of the crime?
A. Yes, sir, to the best of my knowledge. When I say that, Your Hon- or, bear with me, please, and everyone else here in the courtroom. When I say that, I’m saying specifically this: I’m not going to say that I’m 100 percent clear, but I also feel it, Your Honor, that — actually I don’t feel it, I know it. I don’t leave my home. I feel — I’m innocent.
Q. Well, I’m telling you right now that all I’m discussing is the elements of the crime. I’m ready to go over those and ask you if you understand the elements, but if you are telling me that you are innocent, then I’m not going to take this guilty plea. We will bring the jury back in here and start this trial up.
A. May I add this, Your Honor? I know — I’m ill. As we speak now, I just don’t feel very well. I did have—
Q. Let me ask you something, Ms. Cross. Do you want to plead guilty or do you not want to plead guilty?
[ATTORNEY FOR DEFENDANT]:
Your Honor, may we have a moment?
THE COURT: Sure.
A. Yes, Your Honor, I’m going to enter a guilty plea.
Q. (By the Court) And you are not innocent, are you? You are guilty, aren’t you?
A. I never hit anyone.
[[Image here]]
Q. Are you telling the Court that you’re freely and voluntarily admitting your guilt to the crimes you are charged with?
A. Yes, sir.
Q. Are you pleading because you are guilty and for no other reason?
A. Yes, sir.
¶ 6. The trial court also inquired into Cross’ mental state by asking her attorney whether he felt that she appreciated the nature and consequences of her actions. The court also asked Cross if she had read and signed the petition to plead guilty. She responded that she had. The court also asked her if everything in the petition was true. Cross responded, “To the best of my knowledge.” The trial judge stated, “You are going to have to read it again, because if it is not, I’m not going to take your guilty plea petition.” Cross then stated that the petition was correct.
¶ 7. We note that Cross’ guilty plea waives her arguments: (1) that “she was not even present due to her mental and physical illness,” (2) that the State could not prove her guilt, and (3) that she repeatedly asserted her innocence. The Mississippi Supreme Court has held that “a valid guilty plea ... admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defen *500 dant.” Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990).
¶ 8. Procedural bar notwithstanding, the second allegation is clearly contradicted by the record. The record reflects that when asked by the court, “You are saying that you think the State can prove your guilt and you want to take advantage of pleading guilty,” Cross initially responded, “No, sir, that’s not true.” However, after asking the court to repeat its question, she responded, “Yes, sir” when asked whether she did or did not want to plead guilty.
¶ 9. Cross was also provided the opportunity to proceed to trial when the court asked her again whether she still wanted to plead guilty following her apology to the court “for any irritation” she may have caused:
Q. You haven’t irritated me at all. I don’t know why you would make that kind of comment because I haven’t been irritated at anything.
A. No, I’m sorry, Your Honor. I don’t mean to insult. I was just a little confused at first by your questions.
Q. If you think I have been irritated, are you sure you want to go forward with this guilty plea?
A. Oh, yes, sir.
Q. I can assure you I am not irritated, but I want to make sure that you believe that I’m not, and I want to make sure that you want to go forward with the guilty plea.
A. Yes, Your Honor, I do.
¶ 10. Cross was also given the opportunity to withdraw her guilty plea during the sentencing hearing after she told the court that she did not know how the victim received two gashes in her head, because she never hit the victim in the head with a hammer. The record reflects the following:
Q. Are you telling me you want to set your guilty plea aside?
A. I’m not saying that, Your Honor. I am doing my very best, Judge, to—
Q. What you are saying is you want to go ahead and have me sentence you; you don’t want to set that guilty plea aside and have a trial?
A. No, I don’t want to have a trial, Your Honor.
¶ 11. “Great weight is given to statements made under oath and in open court during sentencing.” Gable v. State, 748 So .2d 703, 706(¶ 11) (Miss.1999) (citing Young v. State, 731 So.2d 1120, 1123(¶ 12) (Miss.1999)). Based on our review of plea and sentencing hearings, we find that the trial judge properly accepted Cross’ guilty plea, as it was voluntarily and intelligently given. Therefore, because we cannot discern any merit to the allegation of error, we affirm the judgment of the trial court.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.