IRVING, P.J.,
 

 for the Court:
 

 ¶ 1. This appeal arises out of Eric Turner’s motion for post-conviction relief, which the Chickasaw County Circuit Court summarily denied. Turner filed the motion after his post-release supervision was revoked. Turner contends that the circuit court erred in denying the motion because the evidence adduced at the revocation hearing was insufficient to support the revocation of his post-release supervision.
 

 ¶ 2. We find no error; therefore, we affirm the circuit court’s judgment.
 

 FACTS
 

 ¶ 3. On March 23, 2004, Turner pleaded guilty to sale of cocaine and was sentenced to eight years in the custody of the Mississippi Department of Corrections (MDOC), with seven years suspended and five years of post-release supervision. Sometime later, Turner was released on post-release supervision.
 

 ¶ 4. On May 4, 2009, the circuit court revoked Turner’s post-release supervision and sentenced him to serve seven years in the MDOC’s custody. The basis for the revocation was Turner possessing a firearm and using it to shoot Troy Jefferson, Turner’s acquaintance.
 

 ¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
 

 ANALYSIS AND DISCUSSION OF THE ISSUE
 

 ¶ 6. “When reviewing a lower court’s decision to deny a petition for post-conviction relieff, an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, when questions of law are raised!,] the applicable standard of review is de novo.”
 
 Presley v. State,
 
 48 So.3d 526, 528-29 (¶ 10) (Miss.2010) (quoting
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
 

 ¶ 7. Turner essentially argues that the circuit court erred because the State failed to prove that Turner committed the acts that were delineated in the petition to revoke his post-release supervision. In his brief, Turner states: “The records and revocation[-]hearing transcript are completely void of a scintilla of evidence proving that Appellant had possession of a firearm....”
 

 ¶ 8. At the revocation hearing, Jefferson stated under oath that:
 

 I got a call from [Turner], and I was going downtown to the store. I went by his house
 
 [1]
 
 to see what he wanted, and
 
 *349
 
 he just pulled a gun out on me and snapped the gun two times. It didn’t go off. I jumped out of the car with him and went and got back in my car, and he got out and shot me.
 

 Although Jefferson was unsure as to why Turner had shot him, he noted that Turner had claimed that Jefferson owed Turner money. Turner presented a string of witnesses, most of whom were related to or friends with him. The essence of the witnesses’ statements was that none of them had observed Jefferson at Turner’s grandmother’s house, the location of the alleged shooting, on the day in question. Based on the conflicting evidence, we find that the circuit court did not err in determining that Jefferson was more credible than Turner’s witnesses. The mere fact that Turner presented the testimonies of multiple witnesses does not serve to invalidate Jefferson’s contradictory testimony.
 

 ¶ 9. Turner also complains that the circuit court did not “provide a written statement as to the evidence relied on and reasons for revoking his post[-]release supervision and suspended sentence.” As support that such a statement was required, Turner relies on
 
 Grayson v. State,
 
 648 So.2d 1129, 1133-84 (Miss.1994). Although the
 
 Grayson
 
 court noted that a circuit court should make factual findings when revoking probation or parole, it also stated: “[A] court’s failure to make written findings for revoking probation does not deny a probationer due process where the court’s oral opinion is contained in the record and indicates the evidence relied upon, as well as the reasons for revocation.”
 
 Id.
 
 at 1134 (quoting
 
 State v. Murray,
 
 28 Wash.App. 897, 627 P.2d 115, 117 (1981)).
 

 ¶ 10. When it revoked Turner’s post-release supervision, the circuit court stated:
 

 [COURT]: [Turner’s witnesses] certainly tell a different story than the State’s case; and they witnessed nothing.
 

 They should have been within hearing of any gunshot at your grandmother’s house, but faulty hearing may be some result of some family connection.
 

 But the [c]ourt is satisfied that the State has met its burden of proving that you violated your probation in the manner alleged by your probation officer, and the [c]ourt imposes the previously suspended sentence to be served in an institution to be designated by the Department of Corrections. Good luck to you.
 

 [[Image here]]
 

 [DEFENDANT]: I have one question. How was it that the State proved that I committed the crime whenever it was my word against Troy Jefferson’s, which we both are convicted felons. He just got out of prison in April just like I did.
 

 [COURT]: He doesn’t need to get shot any more than you do.
 

 From the above, it is clear that the circuit court based its factual findings on the testimonies provided by the various witnesses. Under
 
 Grayson,
 
 the circuit court consequently met its obligation of informing Turner regarding the factual basis for the revocation.
 

 ¶ 11. Turner’s arguments are without merit, and we therefore affirm the circuit court’s judgment.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF CHICKASAW COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS
 
 *350
 
 APPEAL ARE ASSESSED TO CHICKASAW COUNTY.
 

 LEE, C.J., GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . Although Jefferson stated that the shooting took place at Turner’s house, it is apparent from the rest of the testimonies and other
 
 *349
 
 documents in the record that the shooting took place at Turner’s grandmother's house.