BARNES, J.,
for the Court:
¶ 1. William Antonio Avery pleaded guilty to selling cocaine within 1500 feet of a church and was sentenced to thirty years in the custody of the Mississippi Department of Corrections (MDOC), with twenty-nine years and three hundred fifty-nine days suspended and five years of reporting post-release supervision, to be followed by five years of non-reporting post-release supervision. Avery violated the conditions of his post-release supervision, and his post-release supervision was revoked. He was returned to MDOC custody to serve the remainder of his sentence. Avery filed a motion for post-conviction relief, which the Lauderdale County Circuit Court denied. On appeal, we affirm the circuit court’s judgment.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In 2007, Avery was indicted for the sale of cocaine within 1500 feet of a church. After several continuances, Avery entered an Alford guilty plea on June 8, 2009.[1] He was sentenced to thirty years in the custody of the MDOC, with twenty-nine years and three hundred fifty-nine days suspended, five years of reporting post-release supervision, and five years of non-reporting post-release supervision. A year later, Avery violated the terms of his post-release supervision by committing “the offense[s] of sale of cocaine and felon fleeing in Lauderdale County Cause No. 439-10.” On October 13, 2010, Avery’s post-release supervision was revoked by order of the circuit court, and he was ordered into the custody of the MDOC to serve the remainder of his sentence.
¶ 3. Avery filed a motion for post-conviction relief on March 31, 2011, which the circuit court denied. Appealing the circuit court’s denial of his motion, Avery contends that defense counsel’s performance was deficient, and he was denied his right to a speedy trial. Finding no error, we affirm the circuit court’s judgment.
STANDARD OF REVIEW
¶ 4. This Court will not disturb a circuit court’s denial of a motion for post-conviction relief unless the findings “are found to be clearly erroneous.” Turner v. State, 78 So.3d 347, 348 (¶ 6) (Miss.Ct.App.2011) (quoting Presley v. State, 48 So.3d 526, 529 (¶ 10) (Miss.2010)). Questions of law, however, are review de novo. Id.
I. Whether Avery was denied effective assistance of counsel.
¶ 5. Avery argues that his attorney “forged” his name to several motions for *767 continuance, which he claims were “instrumental in the denial of [Avery’s] right to a speedy trial.” He alleges these continuances also cost him several thousand dollars in attorney’s fees and constituted extortion. Avery further alleges that counsel failed to conduct any pretrial investigation, and counsel’s advice to plead guilty constituted ineffective assistance of counsel.
¶ 6. This Court has held:
In order to demonstrate ineffective assistance of counsel, a petitioner must satisfy the familiar two-prong test established in Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “First, the convicted defendant must show that counsel’s representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Hannah v. State, 943 So.2d 20, 24 (¶ 6) (Miss.2006) (internal citations omitted).
Mitchell v. State, 58 So.3d 59, 62 (¶14) (Miss.Ct.App.2011). As this case involves a guilty plea, Avery must show that, but for counsel’s performance, he would have gone to trial, and the outcome would have been different. See id. at (¶ 15).
¶ 7. On the morning of his trial, Avery agreed to enter an Alford guilty plea and testified that he was satisfied with his counsel’s representation.
Q. Now, you have gone over those facts that led to this charge on August 8 of 2006 where it is alleged you sold the cocaine in detail with your attorney, Mr. Wright, correct?
A. Yes, sir.
Q. Yes?
A. Yes, sir.
Q. And he’s explained to you exactly what the State would have to prove to find you guilty there. He’s gone over with you, I know, in detail defenses you have. You’ve considered lesser included offenses; you are pleading to a lesser included offense?
A. Yes, sir.
[[Image here]]
Q. And after considering all of that, you are satisfied with the legal counsel that Mr. Wright has given you as your attorney?
A. Yes, sir.
Furthermore, the “Petition to Enter Plea of Guilty,” that Avery signed and initialed, stated:
I believe that my lawyer has done all that anyone could do to counsel and assist me, and I am satisfied with the advice and help he has given me. After consulting with my lawyer, I am entering my plea of “GUILTY” freely and voluntarily and of my own accord and with full understanding of the matters set forth in the indictment and in this petition and in the certificate of my lawyer which follows.
¶ 8. Counsel had the authority to represent Avery in all matters before the court, including the filing of motions for continuance. Further, when the attorney signed the documents that Avery alleges were forged, the attorney clearly noted he was signing as counsel on Avery’s behalf. There was no representation that Avery actually signed the documents. The record also shows that sufficient pretrial discovery and investigation was conducted. Counsel filed a motion for discovery, requesting that the State provide all “documents, pictures and articles” prior to trial. Avery’s attorney also employed a private investigator to interview a possible wifi ness. Accordingly, we find nothing to sup *768 port Avery’s claim of ineffective assistance of counsel.
II. Whether Avery was denied his right to a speedy trial.
¶ 9. Avery argues that he was denied his right to a speedy trial. However, as this Court has consistently noted, “a valid ‘guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin.’ ” Carroll v. State, 3 So.3d 767, 774 (¶ 14) (Miss.Ct.App. 2008) (quoting Rowe v. State, 735 So.2d 399, 400 (¶3) (Miss.1999)). At the plea hearing, the circuit judge informed Avery he was waiving his “right to a speedy and public trial”; Avery indicated that he understood. Thus, Avery is procedurally barred from raising this argument.
¶ 10. Notwithstanding the procedural bar, we find no merit to Avery’s claim. Defense counsel sent Avery a letter on October 4, 2007, noting that there had been previous discussion to delay the matter for two reasons. First, Avery was currently serving a separate sentence, so expediting the matter would not release him from custody. Second, Avery’s case was based on a purchase of drugs by a confidential informant, and delaying the trial would be beneficial, as informants can be unreliable. There was also a hope that the informant might move from the area. Counsel stated: “The continuances were a tactical position to assist in defending your case.” Defense counsel did provide Avery with a motion for a speedy trial and agreed to file it with Avery’s signature and approval. Avery claims that he returned the motion, but his counsel never filed it. Furthermore, Avery signed three orders dated September 22, 2008, January 28, 2009, and May 18, 2009, resetting the cause for trial, and each order stated that “the Defendant waives the right to a speedy trial.” We find no merit to this argument.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING and GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL and FAIR, JJ„ CONCUR.

. An Alford plea, also known as a “best-interest” guilty plea, is based on the United States Supreme Court's ruling in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) that allows a defendant to avoid the risk of conviction at trial by pleading guilty without admitting to actual guilt of the crime charged.