JAMES, J.,
for the Court:
¶ 1. Melvin Chandler (pro se) appeals from the circuit court’s dismissal of his motion for postconviction relief (PCR). Finding no error, we affirm.
FACTS AND PROCEDURAL BACKGROUND
¶2. On June 29, 2011, Chandler was indicted for the aggravated assault of his daughter, Cassandra Chandler, in violation of Mississippi' Code Annotated section 97-3-7(2)(b) (Supp.20.15), and for using or displaying a firearm during the commission of the aggravated assault in violation of Mississippi Code Annotated section 97-37-37(1) (Rev.2014).
¶ 3. A plea hearing was held on April 5, 2012, where Chandler pled guilty to both charges. The prosecutor offered a lengthy and detailed proffer setting out the facts the State was prepared to prove had the case proceeded to trial. The prosecutor described that on April 1, 2011, Chandler arrived home to find his daughter, Cassandra, along with his two grandchildren feeding his horses. Chandler became angry and demanded that she immediately let his horses out. His daughter replied that she would after they finished eating. Chandler went to his truck, and returned. As he approached his daughter, he fired his gun twice into the ground and then shot his daughter. Cassandra pleaded for him to call 911 because she had been shot'. Chandler responded that if she did not open the gate he would shoot her again. Cassandra opened the gate. She began to feel dizzy and lay down.- At this point,-a neighbor was approaching the scene. Chandler told the- neighbor: “You better call 911 before this [explicative] dies.” Although Chandler momentarily indicated during the plea colloquy that he acted in self-defense, he proceeded to enter his guilty plea.
¶ 4. The circuit court found that Chandler’s plea was free, voluntary, not subject to any coercion or other outside influence, and made after having been fully advised of all of his rights, which was further evidenced by his sworn petition to enter a guilty plea. The circuit court sentenced Chándler to twenty years for aggravated assault, with five years suspended, five years’ postrelease supervision, and five years for the firearm enhancement, to run consecutively. Chandler was given credit for time served. ■
¶ 5. On July 13, 2012, Chandler filed a PCR motion arguing that (1) he had received ineffective assistance of counsel because his attorney had failed to investigate potential witnesses; (2) he was denied his right a speedy trial; (3) he was not advised of the maximum and minimum sentences; and (4) he was subjected to double jeopardy. The circuit court held a hearing on his PCR motion on December 14, 2012. On December 18, 2012, the circuit court entered an order denying all of Chandler’s claims except that Chandler's sentence was amended by removing the five years of postrelease supervision,
¶ 6. The circuit court found that Chandler’s ineffective-assistance claim was *1070 without merit, stating that Chandler unequivocally answered that he was satisfied with counsel during the plea colloquy. The circuit court found that under Avery v. State, 95 So.3d 765, 768 (¶ 9) (Miss.Ct.App.2012), Chandler waived his right to a speedy trial upon the entry of his valid guilty plea. The circuit court found that Chandler was informed of the maximum and minimum sentences, as evidenced by his sworn plea petition and the plea transcript. The circuit court also found that Chandler was not subjected to double jeopardy.
¶7. Chandler appealed this decision to the Mississippi Supreme Court. See Chandler v. State, 2013-TS-01489-SCT. The court dismissed Chandler’s appeal because it was untimely. Chandler filed a motion to reconsider, which the court dismissed because the motion was also untimely.
¶ 8. Chandler filed another PCR motion in the circuit court. On June 2, 2014, the circuit court entered an order dismissing the motion. The circuit court held that Chandler’s motion was barred as a successive writ, and no exception was applicable to except the motion from the procedural bar. The circuit court noted that it had already denied a previous motion filed by Chandler, which was dismissed on appeal by the Mississippi Supreme Court.'
¶ 9. Chandler now appeals to this Court raising several issues: (1) whether he was subjected to double jeopardy; (2) whether his right to a speedy trial was violated; (3) whether he received ineffective assistance of counsel; (4) whether his sentence exceeds the statutory maximum; (5) whether he was prejudiced by the prosecutor’s “false statements” at the plea hearing; (6) whether he acted, in self-defense; (7) whether the Uniform Mississippi Post-Conviction Collateral Relief Act (UP-CCRA) was violated.
STANDARD OF REVIEW
¶ 10. The dismissal or denial of a PCR motion is reviewed for an abuse of discretion, and this Court will only reverse if the circuit court’s decision is clearly erroneous. Hughes v. State, 106 So.3d 836, 838 (¶ 4) (Miss.Ct.App.2012). A PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence. Wilkerson v. State, 89 So.3d 610, 613 (¶ 7) (Miss.Ct.App.2011). This Court will affirm the summary dismissal of a PCR motion if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right. Id. at 614 (¶ 7).
DISCUSSION
I. Whether Chandler was subjected to double jeopardy.
¶ 11. Chandler argues that his constitutional protection from double jeopardy was violated because he received separate sentences for aggravated assault under section 97 — 3—7(2) (b) and for the firearm enhancement under section 97-37-37(1). We rejected this same argument in Wansley v. State, 114 So.3d 793, 797 (¶¶ 15-16) (Miss.Ct.App.2013).
-¶ 12. “[Slection 97-37-37[is] a sentencing enhancement that [does] not violate double jeopardy principles.” Id. at (¶ 15). “Section 97-37-37(2) merely imposes an elevated sentence for use or display of a firearm during the commission of a felony, and it does not delineate an independent substantive offense.” Taylor v. State, 137 So.3d 283, 288 (¶ 17) (Miss.2014) (quoting Lewis v. State, 112 So.3d 1092, 1097 (¶ 15) (Miss.Ct.App.2013)). “The Legislature intended for these two punishments to apply to the same offense; therefore there is no double-jeopardy concern.” *1071 Id. Accordingly, Chandler’s argument is without merit.
II. Whether Chandler’s right to a speedy trial was violated.
¶ 13. Chandler argues that his right to a speedy trial was violated. The circuit court has found this exact claim raised by Chandler in a previous PCR motion to be without merit under this Court’s holding in Avery, 95 So.3d at 768 (¶ 9) (“[A] valid guilty plea waives the right to a speedy trial, whether that right is of constitutional or statutory origin.”). Indeed, “the Mississippi Supreme Court has held that a valid guilty plea operates as a waiver of the right to a speedy trial.” Allen v. State, 164 So.3d 498, 500 (¶ 7) (Miss.Ct.App.2015) (citing Anderson v. State, 577 So.2d 390, 391 (Miss.1991)). Thus, Chandler waived his right to a speedy trial upon the entry of his valid guilty plea.
III. Whether Chandler received ineffective assistance of counsel.
¶ 14. Chandler argues that he received ineffective assistance of counsel. Specifically, Chandler contends that his attorney failed to investigate his .case, failed to raise a double-jeopardy argument, induced him to enter an open plea, and failed to appeal his conviction.
¶ 15. Chandler raised the argument relating to his attorney’s failure to interview witnesses in a previous PCR motion, which was addressed on the merits by the circuit court. A hearing was held on that PCR motion. The circuit court found that his argument was without merit in its order entered on December 18, 2012.
¶ 16. Under the UPCCRA any order denying or dismissing a PCR motion is a bar to a second or successive PCR motion. Miss.Codé Ann. § 99-39-23(6) (Rev.2015). Because the circuit court has previously denied a PCR motion filed by Chandler, his claim is barred as a" successive writ. “The Mississippi Supreme Court has consistently held that the UPCCRA’s procedural bars apply to [PCR] claims based on ineffective assistance of counsel.” Hamberlin v. State, 165 So.3d. 491, 494 (¶ 15) (Miss.Ct.App.2015).
¶ 17. Notwithstanding the procedural bar, “[i]n cases involving [PCR], where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit.” Id. at (¶ 19) (citation omitted) (citing Vielee v. State, 653 So.2d 920, 922 (Miss.1995)). Chandler merely asserted his ineffective-assistance claim in his brief and did not provide any supporting affidavits attesting to his claim. Moreover, Chandler’s remaining arguments in support of his claim are belied by .the record before the Court.
¶ 18. We have determined that Chandler’s 'double-jeopardy argument is without merit; thus, his ineffective-assistance argument on that basis must also fail. The circuit court' advised Chandler that he was waiving his right to an appeal. Chandler claims his guilty plea was “induced by [his] attorney’s misadvice” because his attorney informed him that he would receive less time if he pled guilty. However, the circuit court specifically asked: “Has anyone promised you ¡anything?” Chandler responded, “No, sir.” The circuit court specifically found that Chandler’s guilty plea was “made free and voluntary, without coercion or subject to any outside influences whatsoever[.]”
¶ 19. Chandler’s sworn plea petition acknowledged that his attorney had advised him of the maximum and minimum sentences he could receive. The circuit court also advised Chandler of the maximum sentence he could receive during the plea hearing; Chandler stated that he under *1072 stood the nature and consequences of an open plea. Chandler also confirmed to the circuit court that there was no understanding as to what his sentence would be upon entering his guilty plea.
¶20. During the plea colloquy, Chandler stated he was satisfied with the services of his attorney. “Statements made in open court under oath carry a strong presumption of veracity.” Cane v. State, 109 So.3d 568, 571 (¶ 9) (Miss.Ct.App.2012); see also id. at 572 (¶ 12) (holding that a defendant’s “in-court statements that he was satisfied with his attorney’s performance, coupled with his failure to provide any affidavit to support his claim of ineffective assistance of counsel, cause[d][his] claim to fail”). Likewise, Chandler’s ineffective-assistance claim fails.
IY. Whether Chandler’s amended sentence was illegal.
¶ 21. On December 17, 2012, the circuit court amended Chandler’s sentence by removing Chandler’s five years of post-release supervision. Chandler argues that his amended sentence is illegal because it exceeds the statutory maximum. We disagree.
¶22. Chandler’s amended sentence of twenty years for- aggravated assault under section 97-3-7(b), with five years suspended and five years for a firearm enhancement under 97-37-37(1), to run consecutively-, is within the statutory limits.
V.Whether Chandler was prejudiced by the prosecutor’s alleged false statements during the plea hearing.
¶23. Chandler claims that he was prejudiced by the prosecutor’s “false testimony” during the plea hearing. Chandler alleges that the prosecutor falsely stated that Chandler shot his daughter in the chest. Chandler responded that he shot her in her side. Certainly, Chandler was not prejudiced by the prosecutor’s statement even if it was inaccurate. Regardless, there is no support in the record that the prosecutor presented any false statements to the circuit court during the plea hearing. This argument is-without merit.
VI. Whether Chandler acted in self-defense.
¶ 24. Chandler argues he was acting in self-defense when he admittedly shot his daughter. However, “[t]he Mississippi Supreme Court has held that a valid guilty plea admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.” Cross v. State, 954 So.2d 497, 499-500 (¶ 7) (Miss.Ct.App.2007) (citing Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). Moreover, a “guilty plea operates as a waiver to all defenses that could have been presented except for those defenses going to the jurisdiction of the sentencing court.” Kelley v. State, 913 So.2d 379, 383 (¶ 7) (Miss.Ct.App.2005) (citing Brooks, 573 So.2d at 1352). Accordingly, this issued was waived upon the entry of Chandler’s voluntary and intelligent guilty plea.
VII. Whether the UPCCRA was violated.
¶ 25. Chandler simply asserts as one of his issues on appeal that the UP-CCRA was violated. In Chandler’s brief, he claims that his amended sentence violates the UPCCRA. However, we have determined that his amended sentence, was properly within statutory limits and did not subject him to double jeopardy. This argument is without merit.
*1073 CONCLUSION
¶26. Finding no error, we affirm the order of the circuit court dismissing Chandler’s PCR motion.
¶ 27. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ„ CONCUR.