**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2016-CP-00970-COA**

RAHEEM BERRY                                                         APPELLANT

v.

STATE OF MISSISSIPPI                                                  APPELLEE

DATE OF JUDGMENT:                05/24/2016
TRIAL JUDGE:                     HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:       GRENADA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          RAHEEM BERRY (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                 BY: BILLY L. GORE
NATURE OF THE CASE:              CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                     AFFIRMED - 11/14/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Raheem Berry appeals the Grenada County Circuit Court's denial of his motion for postconviction relief (PCR). On appeal, Berry argues (1) the circuit court abused its discretion by denying his PCR motion without holding a hearing; and (2) his trial attorney failed to inform him of his right to appeal his sentence and his right to an attorney on appeal. Finding no error, we affirm the circuit court's denial of Berry's PCR motion.

**FACTS**

¶2.     On January 27, 2014, Berry pled guilty to second-degree murder. *See* Miss. Code Ann. § 97-3-19(1)(b) (Rev. 2014). Following a plea colloquy, the circuit court accepted

Berry's guilty plea and sentenced him to twenty years in the custody of the Mississippi Department of Corrections. Berry raised no direct appeal of his conviction and sentence. However, on December 21, 2015, Berry filed a motion to vacate his conviction and sentence, which the circuit court treated as a PCR motion under Mississippi Code Annotated section 99-39-5 (Rev. 2015). On May 24, 2016, the circuit court entered both an opinion discussing the merits of Berry's PCR claims and an order summarily denying his PCR motion. Aggrieved, Berry appeals.

## STANDARD OF REVIEW

¶3. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are 'clearly erroneous'; however, we review the circuit court's legal conclusions under a de novo standard of review." *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011).

## DISCUSSION

¶4. Berry alleges "the circuit court abuse[d] its discretion [by] denying [his PCR] claim without a hearing[.]" Without providing any supporting affidavits, Berry argued in his PCR motion that his guilty plea was not voluntarily, knowingly, and intelligently entered because (1) he "was misled to believe he did not have a right to a direct appeal of his sentence"; (2) the circuit court failed to inquire whether he acted in self-defense; and (3) the circuit court failed to determine whether he was competent to plead guilty.

¶5. In addressing a PCR movant's entitlement to an evidentiary hearing, this Court has stated:

The circuit court may dismiss a PCR motion, without having held an evidentiary hearing, when it is clear that the movant is not entitled to relief under the Uniform Post[c]onviction Collateral Relief Act (UPCCRA). A circuit court enjoys wide discretion in determining whether to grant an evidentiary hearing. A post[]conviction claim for relief is properly dismissed without the benefit of an evidentiary hearing where it is manifestly without merit.

To be entitled to an evidentiary hearing, a movant must demonstrate, by affidavit or otherwise, that there are unresolved issues of fact that, if concluded favorably to the [movant], would warrant relief. Mere allegations in the pleadings themselves, otherwise unsupported, are not sufficient to require a hearing. Claims by the movant, even if supported by affidavit, that are contradicted by the record of the plea acceptance hearing may be disregarded by the circuit court.

*Smith v. State*, 196 So. 3d 986, 992 (¶¶13-14) (Miss. Ct. App. 2015) (internal citations and quotation marks omitted).

### a.    Right to Appeal

¶6.    Berry contended in his PCR motion, and he now contends before this Court, that his trial attorney failed to inform him of his right to appeal his sentence and his right to an attorney on appeal. Berry argues that, had his trial attorney properly advised him, he would have exercised his right to appeal his sentence with the assistance of counsel. Berry further asserts that this alleged error entitles him to "resentencing and a timely appeal of the sentence, if not aggrieved, and . . . to counsel on the appeal of his sentence."

¶7.    Despite Berry's contentions, Mississippi statutory law and caselaw establish that no direct appeal was available to him because he pled guilty. Mississippi Code Annotated section 99-35-101 (Rev. 2015) states, "Any person convicted of an offense in a circuit court may appeal to the [Mississippi] Supreme Court. However, where the defendant enters a plea

of guilty and is sentenced, then no appeal from the circuit court to the [s]upreme [c]ourt shall be allowed."

¶8. As we have previously explained, "This was not always the case. Prior to the 2008 amendment of section 99-35-101, 'a defendant who entered a guilty plea and was sentenced could challenge the validity of his sentence on direct appeal.'" *Joseph v. State*, 111 So. 3d 697, 698 (¶5) (Miss. Ct. App. 2013) (quoting *Fair v. State*, 102 So. 3d 1165, 1170 (¶16) (Miss. Ct. App. 2012)). However, the amended version of section 99-35-101 "'prohibits any direct appeal upon entry of a guilty plea.'" *Id.* (quoting *Fair*, 102 So. 3d at 1170 (¶16)). Thus, a defendant who now pleads guilty must file a PCR motion under section 99-39-5 rather than a direct appeal. *Id.*

¶9. As already acknowledged, Berry provided no affidavits to support his claim regarding his right to appeal. In addition, the transcript of Berry's plea hearing reveals the circuit judge informed Berry of the consequences of pleading guilty. Specifically, the circuit judge explained as follows:

> Also, if you were tried by a jury and convicted, you could appeal the conviction to the Supreme Court or Court of Appeals of this state; and an attorney would be appointed to represent you on appeal if you couldn't afford one. But by entering a plea of guilty to the charge today, there cannot be any appeal from these proceedings.

When the circuit judge asked whether Berry understood, Berry answered affirmatively while under oath.

¶10. Based on a review of the record and relevant caselaw and statutory law, we find no merit to Berry's claim that he is entitled to relief because his trial attorney failed to advise

4

him regarding his right to directly appeal his sentence. We therefore find no error in the circuit court's denial of Berry's PCR motion without granting an evidentiary hearing on this issue. *See Smith*, 196 So. 3d at 992 (¶¶13-14).

### b. Self-defense

¶11. Also in his PCR motion, Berry argued his guilty plea was involuntary due to the circuit court's failure to ask whether he acted in necessary self-defense. Berry asserted he would not have pled guilty had he known necessary self-defense constituted a defense to murder. However, the "[s]upreme [c]ourt has held that 'a valid guilty plea admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.'" *Cross v. State*, 954 So. 2d 497, 499-500 (¶7) (Miss. Ct. App. 2007) (quoting *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990)). "Moreover, a 'guilty plea operates as a waiver to all defenses that could have been presented except for those defenses going to the jurisdiction of the sentencing court.'" *Chandler v. State*, 196 So. 3d 1067, 1072 (¶24) (Miss. Ct. App. 2016) (quoting *Kelley v. State*, 913 So. 2d 379, 383 (¶7) (Miss. Ct. App. 2005)).

¶12. "To determine whether the plea is voluntarily and intelligently given, the trial court must advise the defendant of his rights, the nature of the charge against him, as well as the consequences of the plea." *McNutt v. State*, 71 So. 3d 1263, 1267 (¶13) (Miss. Ct. App. 2011) (citation omitted). The plea-hearing transcript reflects that the circuit judge advised Berry of his constitutional rights, the elements of the charge against him, the effect of his guilty plea, and the minimum and maximum sentences available. The circuit judge also

ascertained that Berry was satisfied with his attorney's representation and that no one threatened or induced Berry to plead guilty. After hearing the State's proffer of the factual basis for the charge, Berry agreed with the facts and stated, under oath, that he was guilty of second-degree murder.

¶13. "Great weight is given to statements made under oath and in open court during sentencing." *Cross*, 954 So. 2d at 500 (¶11) (citation omitted). Furthermore, the record reflects that Berry failed to offer any proof to the circuit court, or to attach any affidavits to his PCR motion, to support his self-defense claim. Based on our review of the record, we find the circuit court properly accepted Berry's guilty plea after finding Berry voluntarily, knowingly, and intelligently pled guilty. As a result, we find no error in the circuit court's denial of Berry's PCR motion without granting an evidentiary hearing on this issue. *See Smith*, 196 So. 3d at 992 (¶¶13-14).

### c. Competency

¶14. Berry's final assignment of error in his PCR motion focused on his competency to plead guilty. However, Berry never asserted in his PCR motion that he was actually incompetent. Berry instead claims that the circuit court erred by failing to determine his competency. Despite Berry's assertions, the record demonstrates that, prior to accepting the guilty plea, the circuit judge questioned Berry about his competency. In response to the circuit judge's questions, Berry swore under oath that he was not under the influence of any drugs or alcohol and that he had no mental disabilities or other issues that would impede his understanding of the plea proceedings. Berry also reaffirmed these statements in his signed

6

plea petition.

¶15.   As previously recognized, we give great weight to a defendant's statements made under oath and in open court. *See Cross*, 954 So. 2d at 500 (¶11).   Nothing in the record indicates the circuit court had reason to doubt Berry's competency to plead guilty. Furthermore, Berry failed to raise the issue before the circuit court during the plea hearing, and he later failed to support his assertion through his PCR motion.   Berry, the movant here, bore the burden to prove his incompetency. *See Vanwey v. State*, 55 So. 3d 1133, 1136 (¶6) (Miss. Ct. App. 2011).   Because he failed to do so, we find no error in the circuit court's denial of Berry's PCR motion without granting an evidentiary hearing on this issue. *See Smith*, 196 So. 3d at 992 (¶¶13-14).

¶16.   **AFFIRMED.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.   TINDELL, J., NOT PARTICIPATING.**