# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01277-COA

**MAKENZIE BAKER**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                               **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/2021 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MAKENZIE BAKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALEXANDRA LEBRON |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 02/21/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., SMITH AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Makenzie Baker filed a verified motion for post-conviction collateral relief (PCR) in the Circuit Court of Chickasaw County, Mississippi, seeking to set aside his conviction and sentence for burglary of a dwelling. After his motion for relief was summarily denied by the circuit court, Baker filed a notice of appeal.

## FACTS AND PROCEDURAL HISTORY

¶2.     During the October 2019 term of court, a Chickasaw County grand jury returned a two-count indictment charging Baker in Count I with the offense of burglary of a dwelling and in Count II with the offense of armed robbery. The indictment further charged Baker as a non-violent habitual offender pursuant to Mississippi Code Annotated section 99-19-81

(Supp. 2018). On April 12, 2021, Baker appeared before the circuit court, with counsel, and entered a plea of guilty to burglary of a dwelling as charged in Count I of the indictment. His plea was entered pursuant to *North Carolina v. Alford*[1] in order to accept the plea recommendation offered by the State. In exchange for Baker's plea of guilty to burglary of a dwelling, the State offered to recommend that he be sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections (MDOC), with the last fifteen years to be suspended, and that he serve five years on post-release supervision. The State agreed to drop the habitual-offender enhancement and to retire the armed robbery charge to the file. The State also offered to recommend that the sentence run concurrently with another sentence Baker was currently serving. At the conclusion of the guilty plea hearing, the trial court found that Baker's plea of guilty was "freely, knowingly, and voluntarily" entered. The trial court accepted Baker's plea of guilty to burglary of a dwelling and sentenced him to the recommendation made by the State described above.

¶3.     On October 14, 2021, Baker filed his PCR motion. In his motion, Baker argued that Count I of the indictment, to which he pled guilty, was ambiguous in that it contained certain language found in Mississippi Code Annotated section 97-17-33(1) (Rev. 2014) pertaining to the lesser offense of burglary of a building other than a dwelling. He contends that because the indictment was ambiguous, he should have been sentenced under the lesser charge, which carried a maximum sentence of seven years. He argued that "the property which I pleaded

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 37-38 & n.10 (1970) (holding that a court may accept a guilty plea even if the defendant maintains his innocence provided there is a factual basis for the plea, and the defendant voluntarily and intelligently concludes it is in his best interest to plead guilty).

guilty to burglarizing was not a home where anyone resided but was being used as a business which sold merchandise and goods and was in business at the time of the incident comprizing [sic] the offense in question." After reviewing Baker's motion and its attachments, the trial court found that Count I of the indictment provided Baker with reasonable notice of the crime charged and included all the essential elements of the crime of burglary of a dwelling. The trial court denied the PCR motion.

## STANDARD OF REVIEW

¶4. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)).

## ANALYSIS

¶5. On appeal, Baker contends that Count I of the indictment is ambiguous.[2] While the indictment cites the burglary-of-a-dwelling statute, section 97-17-23(1) (Rev. 2014), the indictment also contained language taken from section 97-17-33(1), which relates to burglary of a business. In support of his contention that Count I of the indictment was ambiguous and that he should have been sentenced for the lesser offense, Baker relies upon *Grillis v. State*, 196 Miss. 576, 17 So. 2d 525, 527 (1944). In *Grillis*, the supreme court found that

---

[2] To the extent Baker challenges the State's proof that the building burglarized was in fact a "dwelling," that issue was waived by his entry of a valid guilty plea. *See Chandler v. State*, 345 So. 3d 632, 636 (¶7) (Miss. Ct. App. 2022). However, we address the merits to the extent Baker contends he received an illegal sentence.

> . . . when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment.

Baker argues that Count I contains language from the statutes related to both burglary of a dwelling and burglary of a building other than a dwelling; therefore, he argues the indictment is ambiguous, and he should have been subject to a maximum sentence of seven years in custody, as provided by section 97-17-33(1).

¶6.    Count I of Baker's indictment read as follows:

> That LARRY JOHNSON (A) and MAKENZIE BAKER (B), late of the County and State aforesaid, on or about April 10, 2019, in the County and State aforesaid, and within jurisdiction of this court, did then and there unlawfully, willfully, feloniously and burglarously break and enter the dwelling of Russell Lee Smith, located at 215 East Wheeler Street, Okolona, in Chickasaw County (Second Judicial District), Mississippi, there situated in which dwelling there were, then and there, goods, wares, chattels or merchandise kept for use, sale, deposit or transportation, with the felonious intent to unlawfully, willfully and feloniously take, steal and carry away the goods, wares, chattels or merchandise in said dwelling then and there being, in violation of the provisions of Section 97-17-23(1) of the Mississippi Code of 1972, Annotated, as amended, which offense is punishable by imprisonment not less than three (3) years nor more than twenty-five (25) years, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Mississippi.

¶7.    The State points to the heading of the indictment showing the charge is specifically identified as "Burglary of a Dwelling" and cites the appropriate statute, section 97-17-23(1). Further, in the body of Count I, the conduct charged was stated as being in violation of section 97-17-23(1), and the correct minimum (three years) and maximum (twenty-five years) sentences for burglary of a dwelling were specifically set out. The indictment charged that Baker "did . . . break and enter the dwelling of Russell Lee Smith" and that Baker broke

4

and entered the dwelling with the intent to steal property found in the dwelling. The State argues that these are the essential elements of the crime of burglary of a dwelling as set out in section 97-17-23(1). In addition, the State points to the fact that the structure that was burglarized is identified three times in the body of the charge as being a "dwelling" and that "dwellings" are not included in the buildings applicable to a charge pursuant to section 97-17-33(1).

¶8.     In *Johnson v. State*, 94 So. 3d 1209, 1215 (¶¶26-27) (Miss. Ct. App. 2011), this Court dealt with this same issue. The indictment in that case charged burglary of a dwelling but also included in the body of the charge language found in section 97-17-33(1). That defendant argued that there was an ambiguity and that he should have been sentenced under section 97-17-33(1). This Court stated:

> We disagree. The "purpose of an indictment is to provide the accused reasonable notice of the charges against him so that he may prepare an adequate defense." *Brawner v. State*, 947 So. 2d 254, 265 (¶31) (Miss. 2006) (citing *Brown v. State*, 890 So. 2d 901, 918 (¶61) (Miss. 2004)). An indictment must contain "the essential facts constituting the offenses charged and shall fully notify the defendant of the nature and cause of the accusation." URCCC 7.06. Any potential ambiguity created by including the phrase "goods, merchandise and other valuable items" is negated by the indictment's express reference to section 97-17-23 and the specific charging language that Johnson broke into a "dwelling house." This case is distinguishable from *Jenkins*, where "no particular statute [was] referenced in the text of the indictment." *Jenkins* [*v. State*], 888 So. 2d [1171,] 1174 (¶9) [(Miss. 2004)]. There is no obligation that the State prosecute under the statute with the lesser penalty; it "may choose to proceed under either statute so long as the choice is clear and unequivocal." *Id*. at 1174 (¶8) (citing *Cumbest v. State*, 456 So. 2d 209, 222 (Miss. 1984)). Here, the State made its choice clear by referencing section 97-17-23(1) in the indictment. Thus, the State was not obligated to try—and the circuit judge was not obligated to sentence—Johnson for burglary of other buildings or a business.

We further find the indictment's language and its citation to the code section for burglary of a dwelling house fully notified Johnson of the offense charged. Indeed, the indictment twice referenced Callon's "dwelling house." And the charging document included all essential elements of dwelling-house burglary—breaking and entering a dwelling house with the intent to commit a crime. Thus, we find no reversible error in Count I.

*Id*. Likewise, we find that Count I of the indictment against Baker is not ambiguous. It charges the essential elements of burglary of a dwelling, and, as in *Johnson* and unlike *Grillis*, there is no doubt as to which Code section is applicable because it is specifically referenced in the indictment.

## CONCLUSION

¶9.     The trial court found that Count I of the indictment properly charged Baker with burglary of a dwelling and denied his PCR motion. We affirm the order.

¶10.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**